TOWNSHIP OF LOWER, A MUNICIPAL CORPORATION OF CAPE MAY COUNTY, NEW JERSEY, PROSECUTOR-APPELLANT, v. CITY OF WILDWOOD, A MUNICIPAL CORPORATION OF CAPE MAY COUNTY, NEW JERSEY, COURT OF COMMON PLEAS OF CAPE MAY COUNTY, STIRLING W. COLE, CLERK OF SAID COURT, AND GEORGE W. KROGMAN, MAYOR, AND BENJAMIN INGERSOLL AND ROLLAND CORSON, COMMISSIONERS OF SAID CITY OF WILDWOOD, CAPE MAY COUNTY, NEW JERSEY, RESPONDENTS-APPELLEES.

Argued February 3, 1943—Decided April 29, 1943.

For the prosecutor-appellant, *Bolte, Miller & Repetto* (*Augustine A. Repetto,* of counsel).

For the respondents-appellees, *Frank A. Mathews, Jr.,* and *Irving Shenberg.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment of the Supreme Court on *certiorari,* the writ having been allowed to review an order which amounted to final judgment, in the Common Pleas Court of Cape May County. The question involved is whether our statute, *infra,* may be invoked to determine and monument 'the boundary line between the municipalities, Lower and Wildwood, and whether there is a dispute concerning the true line. The proceeding was initiated by the governing body of the Township of Lower and the petition alleges a dispute between the petitioning Township and the City of Wildwood with regard to a certain boundary, that is, the easterly side of Beach Creek which at one point is the westerly boundary of Wildwood. The dispute and uncertainty with regard to the true boundary arises, according to the petition, "by changes in the contour and general physical condition of the said Beach Creek" and the lands adjoining it "which changes have taken place from time to time and have been both natural and artificial." The occasion for the alleged disagreement between the two municipalities seems to have arisen out of the fact that the Township of Lower issued a liquor license to one Mackell who conducted a place of business for the sale of

alcoholic beverages, in the vicinity of Beach Creek, near Rio
Grande Avenue. The City of Wildwood contended that the
*locus in quo* is in fact within its territorial limits and it
proceeded to prosecute Mackell for selling alcoholic beverages
without a license from the City of Wildwood. The fortunes
of Mackell, however, are not involved in this case except
incidentally and collaterally as the occasion for taking the
dispute over the boundary line into court. The prayer of
the petition presented by the Township of Lower is that the
court appoint three commissioners "to fix, determine and
monument the disputed boundary line between the two
municipalities."

The statute invoked by the petitioner (*N. J. S. A.*
40:43:67) provides as follows:

"When there is a dispute or uncertainty concerning the
true boundary line between any two adjoining municipalities,
the governing body of either municipality, upon fourteen
days' notice in writing, served upon the mayor or other chief
executive officer and upon the clerk of the adjoining munici-
pality, may make application to a judge of the court of com-
mon pleas of the county wherein the disputed boundary line
is located, for the appointment of three commissioners to
fix, determine and monument the boundary line between the
municipalities, which line, when finally fixed, determined and
monumented, shall remain inviolate. The judge shall there-
upon, unless good reason be presented for his not doing so,
appoint three commissioners who shall be freeholders in the
county, one to be appointed from each municipality, and one
who shall not reside in either municipality."

The learned judge in the Pleas, after testimony and argu-
ment, dismissed the rule to show cause previously allowed,
holding that "the boundary line involved is the bank of a
navigable and tidewater stream and therefore cannot be fixed,
determined and monumented." The Supreme Court affirmed
(129 *N. J. L.* 22; 28 *Atl. Rep.* (2*d*) 74). As the Supreme
Court pointed out in its opinion, the City of Wildwood was
carved by the legislature from the Township of Lower and
thereafter the Borough of Holly Beach City was consolidated
with Wildwood so that the precincts of Wildwood extend to

the outer boundary of Holly Beach City. The statute (*Pamph. L.* 1897, *ch.* 177) fixed the boundary for the fourth course as the northwesterly line along Post Creek, which is a tidal stream, and its tributaries. Post Creek runs down to Beach Creek. This waterway is both tidal and winding.

The appellant argues, first, that there is a dispute as to the true boundary line and, second, that such line can and should be determined, fixed and monumented. Conceding the first proposition for the sake of argument, it is difficult to see how the commissioners could, if appointed, fix and monument a boundary line which "shall remain inviolate" when that line by the action of nature is and perforce ever shall be variable and changing. Parenthetically, we observe that the legislature, in setting off boundary lines between counties and sub-divisions of counties where they are separated by water, usually has designated the dividing line as the middle of the stream. The common law rule is that conveyances of land bounded on streams that are above tidewater extend to the middle of the stream (*usque ad filum aquæ*).

In the statute under consideration, in one of its sections (*N. J. S. A.* 40:43-70) it is unmistakably contemplated that the boundary line, when fixed, would thenceforth remain "inviolate," that is, permanent, because it provides for the preparation of "a map and survey to be made of the boundary line as fixed" by the commissioners, which shall be annexed as part of their report and shall be recorded and filed with the clerk of the court. But in the case before us this would be futile. No permanency could attach to such fixing of the line because the shore contour of land bordering tidal waters will change. If such record were prepared and filed defining the line as other than it now is, it would be wholly void. It is beyond the power of the court or its commissioners to legislate about the matter. The legislature, by statute, has fixed the boundary in the exercise of its power and this is something that may not be delegated. The statute therefore, in suitable instances, permits the commissioners to exercise a judicial or *quasi*-judicial power and nothing more (Compare *Dover* v. *Brick Township*, 108 *N. J. L.* 55; 156 *Atl.*

*Rep.* 919). The appellant argues that the original line was by some old surveys delineated as in one place rather than in another; that therefore there is a dispute; and that its engineer can determine the old line with exactitude, and therefore it should be monumented. But this, in our view, is to no' purpose. Just where the bank of this tidal stream was located at the time the municipality was bounded and its territorial limits fixed for the fourth course by the legislature is of no consequence now. To monument the bank of the stream now would serve no purpose. The bank of the stream is a lasting monument. No solution is to be found in the briefs for this difficulty. Nor are our cases (*Township of Dover in Ocean County* v. *Township of Brick, supra,* and *Burlington County* v. *Atlantic County,* 49 *N. J. L.* 408, or the Federal cases, *Nebraska* v. *Iowa,* 143 *U. S.* 359; *Vermont* v. *New Hampshire,* 289 *Id.* 593) in conflict with the view we entertain in this case. (Compare *Camden and Atlantic Land Co.* v. *Lippincott,* 45 *N. J. L.* 405; *Ocean City Association* v. *Shriver,* 64 *Id.* 550; see 11 *C. J. S.* 579, § 34; 43 *C. J.* 108.) The statute invoked, *supra,* seems to be entirely inapplicable to the precise question in this class of case, where the boundary line is, as here, the bank or side of a tidal stream. The refusal of the judge in the Pleas to appoint commissioners was entirely sound. As a matter of construction, we hold that the statute in a dispute of this kind, between municipalities over boundary lines, applies only when the line can be fixed and monumented and that when done is capable of remaining inviolate.

The Supreme Court judgment dismissing writ of *certiorari* will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, PORTER, DEAR, WELLS, RAFFERTY, THOMPSON, JJ.   10.

*For reversal*—None.